JESSE A. P. BAKER, OSB No. 100017
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorney for    U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>DANIEL ROBERT HOUSE AND<br>PATRICIA ELOISE HOUSE,<br><br>Debtors. | Case No. 15-32496-pcm13<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>CONFIRMATION HEARING:<br>DATE:    July 23, 2015<br>TIME:    9:00 AM<br>CTRM:    1 |

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Daniel Robert House and Patricia Eloise House (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. Caliber Home Loans, Inc acts as the servicing agent for Creditor. The basis of the objection is stated below:

**I.**

**STATEMENT OF FACTS**

1.    On or about May 24, 2004, Debtors, for valuable consideration, made, executed and delivered to Household Finance Corporation II (hereinafter "Lender") a Promissory Note in the principal sum of $160,209.36 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments.

2.    On or about May 24, 2004, Debtors made, executed and delivered to Lender a Deed

- 1 -

of Trust (the ADeed of Trust@) granting Lender a security interest in certain real property located at 11138 NE Shaver, Portland, OR 97220 (hereinafter the ASubject Property@), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on May 27, 2004, in the official records of the MULTNOMAH County Recorder's office.

3. On or about May 22, 2015, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $250.00 per month for sixty (60) months. However, the Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears by regular equal monthly payments. Instead, Debtor provides for the cure of arrears by hypothetical sale or refinance of the property no later than 6/30/2018.

4. A debtor who lacks sufficient regular income to fund a Chapter 13 Plan and who proposes, instead, to sell his or her residence using the proceeds of the sale to make a single payment to Creditors, is not eligible for Chapter 13 relief. In re Gavia, 24 B.R. 573 (9th Cir. BAP 1982).

5. Creditor is in the process of finalizing its proof of claim for this matter and estimates that its pre-petition arrearage claim is in the approximate amount of $43,729.29, representing: twenty-six (26) pre-petition payments totaling $30,417.14; $12,013.65 in tax advances; $573.50 in foreclosure fees and costs; $650.00 in bankruptcy attorneys' fees; and $75.00 in property inspection fees.

6. Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor by approximately $728.82 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed 60 months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

**II.**

**ARGUMENT**

Application of the provisions of 11 United States Code sections 1322 and 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

/./../

/./../

- 2 -
Case 15-32496-pcm13    Doc 21    Filed 07/01/15

## A. DEBTOR'S PLAN PROPOSES TO MODIFY CREDITOR'S CLAIM AND PROVIDES FOR UNEQUAL PAYMENTS IN VIOLATION OF BANKRUPTCY LAW.

Bankruptcy Code Section 1322(b)(2) provides that the plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." The issue is whether a plan that proposes the sale or refinance of the residence at an unspecified time within the next 36 months, while withholding payments on arrears during that time, impermissibly modifies the rights of the secured creditor.

The Bankruptcy Appellate Panel has addressed this issue in two cases, In re Gavia, 24 BR 573 (9th Cir. BAP 1982) and In re Proudfoot, 144 BR 876 (9th Cir. BAP 1992). In both cases, the debtor proposed a Chapter 13 plan calling for a single payment to the secured creditor from the sale of the debtor's residence. The Panel held that, although a "Chapter 13 Plan may modify the rights of a creditor whose only security is the debtor's residence to the extent of curing a default within a reasonable time," withholding current installment payments created rather than cured a default. 24 BR at 575; 144 BR at 878. The creation of a default was a modification of the creditor's rights and thus precluded confirmation of the plan in each case.

Section 1322(b)(2) precludes confirmation of a plan that modifies the rights of certain creditors. A plan that creates a default modifies the rights of creditors.

Recognizing that delay of payments is a modification of the creditor's rights is consistent with the Supreme Court's view of "rights" that cannot be modified under section 1322(b)(2). The Court pointed out that a creditor's rights

> "are reflected in the relevant mortgage instruments, which are enforceable under [state] law. They include the right to repayment of the principal in monthly payments over a fixed term at specified adjustable rates of interest . . . "

Nobleman v. American Savings Bank, 508 US 324, 329 (1993). The Court noted that, although the Bankruptcy Code itself affects the creditor's contractual rights, particularly its power to enforce its rights, the statutory limits are independent of the Chapter 13 plan. 508 US at 330. The law prohibits the plan from affecting the secured creditor's rights, including the right to monthly payments as provided in the contract.

In addition, Section 1325(a)(5)(B)(iii)(I) requires that if payments on this creditor's claim are to be periodic payments, they be in the form of equal monthly amounts. Here, debtor proposes to make

- 3 -

one lump sum payment over 3 years from the time of filing the plan from the proceeds of a hypothetical sale or refinance of the property. However, debtor's filings reveal this creditor is not protected by any equity and there is a junior lien against the property. Confirmation of such a plan over creditor's objection would be contrary to the code and would allow debtor to speculate with creditor's money.

Because debtor's plan proposes to withhold periodic payments to the mortgage holder and modify the creditor's rights it violates Sections 1325(a)(5) and 1322(b)(2) and cannot be confirmed.

**B.  DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. ' 1325(a)(5)(B)(ii).

Amount of Arrearage Not Correct. The pre-petition arrears are not specified in the Chapter 13 Plan. The actual pre-petition arrears equal $43,729.29 based on Creditor=s Proof of Claim to be filed prior to the deadline. As a result, the Plan fails to satisfy 11 U.S.C. ' 1325(a)(5)(B)(ii).

**C.  PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. ' 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor by approximately $728.82 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed 60 months.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;

2. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid by equal monthly payments within a period not exceeding 60 months; and

/././

/././

/././

/././

3. For such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| | | Respectfully submitted, |
| Dated: | 7/1/15 | ALDRIDGE PITE, LLP |

/s/ Jesse A. P. Baker
JESSE A. P. BAKER, OSB No. 100017
Attorneys for U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

- 5 -

| | |
|---|---|
| 1 | UNITED STATES BANKRUPTCY COURT |
| 2 | DISTRICT OF OREGON |
| 3 | CASE NO. 15-32496-pcm13 |
| 4 | CERTIFICATE OF SERVICE BY MAIL |

5  I, Anne E. Penaloza, am a resident of San Diego, California, and I am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

8  I served the attached OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN by placing a true copy thereof in an envelope addressed to:

SEE ATTACHED SERVICE LIST

which envelope was then sealed and postage fully prepaid thereon, and thereafter on July 1, 2015, deposited in the United States Mail at San Diego, California. There is regular delivery service between the place of mailing and the place so addressed by the United States Mail.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: _____July 1, 2015_____       /s/ Anne E. Penaloza
                                    ANNE E. PENALOZA

- 6 -

# SERVICE LIST

**DEBTOR(S)**

Daniel Robert House
Patricia Eloise House
11138 NE Shaver St.
Portland, OR 97220


**DEBTOR(S) ATTORNEY (via electronic notice)**

Nicholas J Henderson
Troy Sexton
117 SW Taylor St #200
Portland, OR 97204
nhenderson@portlaw.com
tsexton@portlaw.com


**CHAPTER 13 TRUSTEE Y (via electronic notice)**

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201
c0urtmai1@portland13.com


**U.S. TRUSTEE Y (via electronic notice)**

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205
USTPRegion18.PL.ECF@usdoj.gov